IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLARE CHAVEZ, as parent and guardian
of Ms. Leila A. Blair, an incapacitated child,

    Plaintiff,

v.	Cause No.: 1:16-cv-863 KG/SCY

ALBUQUERQUE PUBLIC SCHOOLS,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court following a fairness hearing held on September 15, 2017. On March 9, 2017, the parties filed notice that the claims in this matter had been settled. Doc. 29. On April 7, 2017, Raynard Struck was appointed *guardian ad litem*. Doc. 31. Mr. Struck submitted his *guardian ad litem* report on August 8, 2017. Doc. 32. Based on Mr. Struck's report and the testimony delivered at the hearing, I recommend finding that the settlement is fair and in the best interest of the child. I accordingly recommend that the Court approve the settlement.

The Court reviews settlements involving minor children and incapacitated persons for fairness. *See Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 30, 664 P.2d 1000 ("In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child."), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 838 P.2d 971; N.M. Stat. Ann. § 38-4-16 (settlement on behalf of an incapacitated person is "subject to the approval of the court in which the suit is pending"). In reviewing whether a proposed settlement is fair, reasonable, and adequate, the Court considers "(1) whether the

proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984).

This case involves allegations that a substitute teacher at Rudolfo Anaya Elementary School dragged minor Leila Blair across the classroom floor. Doc. 1-1. During the fairness hearing on September 15, 2017, I received testimony from the child's guardian, Claire Chavez. Ms. Chavez testified that she understood the terms of the settlement, knowingly and voluntarily entered into the settlement, and that she believed that the settlement was in the best interest of the child. Furthermore, for the reasons described more fully in the *guardian ad litem* report (Doc. 32), Mr. Struck opined that the settlement is fair and reasonable and in the child's best interests and recommended that the Court approve the settlement. Doc. 32. Having considered the terms of the proposed settlement, the evidence presented at the hearing, and Mr. Struck's report, the Court agrees that the settlement is fair, reasonable, and in the child's best interests. Consistent with the factors set out in *Jones*, I recommend finding that: (1) the proposed settlement was fairly and honestly negotiated; (2) serious questions of law and fact exist placing the ultimate outcome of the litigation in doubt; (3) the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the settling parties agree that the settlement is fair and reasonable.

Accordingly, I hereby recommend as follows:

1.      The settlement, as outlined in the *Report of Guardian Ad Litem (*Doc. 32) is hereby approved as being fair, reasonable, and in the best interest of the minor, Leila Blair.

2. The *Guardian Ad Litem* is hereby discharged of his duties and his fees shall be paid by the Defendant.

/s/ Steven Yarbrough_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**